# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA RANGEL, | 1:09-cv-01467 AWI GSA |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S MOTIONS TO QUASH DEFENDANT'S DEPOSITION SUBPOENAS** |
| v. | |
| AMERICAN MEDICAL RESPONSE WEST, a California corporation, JOSE MARTINEZ, an individual, and TRACY J. FISHER, an individual, | (Documents 32 & 35) |
| Defendants. | |

## PROCEDURAL BACKGROUND

On August 20, 2009, Plaintiff Deanna Rangel filed a complaint against her former employer and coworkers alleging violations of her civil rights, the California Fair Employment and Housing Act, wrongful termination and defamation. (Doc. 2.) An answer was filed on behalf of Defendant American Medical Response West ("AMRW") on September 16, 2009. (Doc. 9.) Defendant Tracy Fisher filed an answer on October 2, 2009, and Defendant Jose Martinez filed his answer on November 17, 2009. (Docs. 12 & 17.)

1

1    On December 3, 2009, this Court issued a Scheduling Order pertaining to the various
2 discovery deadlines, hearing dates and the jury trial.  (Doc. 22.)
3    On January 21, 2010, Plaintiff filed an amended complaint.  (Doc. 22.)  All Defendants
4 answered the amended complaint on February 4, 2010.  (Docs. 25-26.)
5    An informal telephonic conference regarding a discovery dispute was conducted by this
6 Court on April 29, 2010.  (Doc. 31.)
7    On October 8, 2010, Plaintiff filed a motion to quash subpoenas issued by Defendant
8 Martinez and directed to Adolph Nava, M.D., Connie Rolland, LMFT, and Sedgwick Claims
9 Management Services, Inc.  (Docs. 32-34.)  On October 25, 2010, Plaintiff filed a second motion
10 to quash a subpoena directed to William Holvik, M.D., issued by Defendants AMRW and
11 Martinez.  (Docs. 35-37.)  On December 3, 2010, Defendant Martinez filed an opposition to
12 Plaintiff's motions to quash.  (Doc. 46.)  On December 9, 2010, Plaintiff filed her reply to
13 Defendant's opposition.  (Doc. 47.)
14    Thereafter, on December 10, 2010, this Court determined these matters were suitable for
15 decision without oral argument pursuant to Local Rule 230(g).[1]  The hearing scheduled for
16 December 17, 2010, was vacated and the matters were deemed submitted for written findings.
17 (Doc. 48.)

## DISCUSSION

19    The purpose of discovery is to make trial "less a game of blind man's bluff and more a
20 fair contest with the basic issues and facts disclosed to the fullest practicable extent possible."
21 *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958).  Discovery will also serve to
22 narrow and clarify the issues in dispute.  *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).
23    Rule 26(b) of the Federal Rules of Civil Procedure establishes the scope of discovery and
24 states in pertinent part:

---

[1] The Court carefully reviewed and considered all of the pleadings, including arguments, points and authorities, declarations, and exhibits.  Any omission of a reference to an argument or pleading is not to be construed that this Court did not consider the argument or pleading.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (3) **Quashing or Modifying a Subpoena**.
> (A)  *When required.*  On timely motion, the issuing court must quash or modify a subpoena that:
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

**The Parties' Positions**[2]

Here, Plaintiff challenges the subpoenas issued to Drs. Nava and Holvik, as well as those issued to therapist Rolland and Sedgwick Claims Management Services, Inc., asserting the subpoenas violate her rights to privacy as they are "without any limitation as to time and scope" (Doc. 36 at 3) or are "without any limit as to subject matter and temporal scope" (Doc. 33 at 2). Plaintiff further asserts that her right to privacy outweighs Defendant's need for the information, and that she is entitled to a protective order and attorney's fees totaling $2,250 for preparation of the instant motions.  (Doc. 33 at 6-8; Doc. 36 at 6-8.)

---

[2]This Court notes that Plaintiff's points and authorities reference a number of legal authorities in support of her motion, however, there is little to no analysis of the authorities cited to the facts of this case.  (*See, e.g.,* Doc. 33 at 3-6.)  Defendant, on the other hand, fails to cite to any relevant legal authority in support of his position.

3

Defendant Martinez opposes Plaintiff's motions to quash and contends the information he seeks is relevant to Plaintiff's claims for emotional distress and wage loss. (Doc. 46 at 1-2.) More particularly, Defendant claims that Plaintiff alleges a single, brief incident between she and Martinez caused her emotional distress, yet at her deposition, Plaintiff testified she had been harassed, assaulted both verbally and physically, and stalked by her former fiancé[3] for the period between early 2004 and December 2008 (four months after the alleged August 2008 incident between she and Martinez). (Doc. 46 at 3-4.) Plaintiff admitted during her deposition that she was treated by Drs. Nava and Holvik, and therapist Rolland, for issues related to emotional distress; however, she alleged she sought treatment from Ms. Rolland and Dr. Holvik related only to that distress inflicted by Defendant Martinez. Defendant believes the records of these health care providers "will provide significant insight into Plaintiff's emotional/mental state prior to the alleged incident" between he and Plaintiff. (Doc. 46 at 4.) With regard to the records of Sedgwick Claims Management Services, Inc., Defendant Martinez contends that these records are relevant because Plaintiff testified at her deposition that she filed a workers' compensation claim for the emotional distress she suffered at Defendant Martinez's hands. Thus, the "claim relates to the exact same purported injuries at issue" here and "is directly relevant to [Defendant's] affirmative defense of 'workers' compensation exclusivity.'" (Doc. 46 at 5.) Lastly, Defendant notes that during meet and confer discussions between counsel for the parties, he offered to enter a "attorneys'/consultants'/experts' eyes only protective order to ensure that the private nature of the documents was protected," however, Plaintiff's counsel refused the offer. (Doc. 46 at 6.)

In a brief reply to Defendant's opposition, Plaintiff asserts she sought to ask Defendant to limit his requests to necessary information, rather than the "all-access pass to her medical records" he currently seeks. (Doc. 47 at 1.) Plaintiff also notes she "offered to agree to a 'first-look' procedure whereby Plaintiff's counsel would review the records first before passing them

---

[3] Plaintiff's former fiancé was killed in an automobile accident in February 2009. (*See* Doc. 46-1 at 8-9.)

4

on to Defendant's counsel," yet he refused.  (Doc. 47 at 1-2.)  Plaintiff asks this Court to quash or limit the subpoenas, "or allow Plaintiff's a 'first-look' at the records sought."  (Doc. 47 at 2.)

### *Records of Plaintiff's Health Care Providers*

Plaintiff's amended complaint alleges in part that

> [a]s a proximate result of the Defendants' acts of harassment and retaliation, Plaintiff has suffered and continues to suffer substantial economic losses and interest thereon . . ..  She has suffered and continues to suffer both physical [*sic*] including the physical manifestations thereof and non-physical injuries, including severe emotional distress and personal physical injuries, humiliation, embarrassment and mental anguish all to her damage in an amount to be proven at trial.

(Doc. 22, ¶ 19.)  Defendant Martinez seeks production of records from Drs. Nava and Holvik, and from therapist Rolland.  With the exception of a limitation regarding time in the subpoena directed to Dr. Holvik, the subpoenas seek the following:

> All documents related to **Deanna Rangel**, including but not limited to, MRIs, CT scans, relating to patient's medical and mental health histories, including dates and body parts; complaints; symptoms; examinations; findings; diagnosis; prognosis; sign-in sheets; photographs; video tapes; treatment; physical therapy; all documents including but not limited to all office, emergency room visits; inpatient and outpatient charges and records; insurance documents; all descriptions of exercises prescribed and documentation which would indicate date and time of patient's appointments pertaining to the care, treatment and examination of the patient regardless of treatment date; including without limiting the generality of the foregoing, all correspondence including but not limited to other writing or graphic material furnished by other health care providers.

(Doc. 34 at 6 & 10; Doc. 37 at 5 ["from January 1, 2005 to present"].)  Defendant contends these health care provider records "will provide significant insight into Plaintiff's emotional/mental state prior to the alleged incident" that is the subject of this action, particularly where Plaintiff testified she had been subjected to daily harassment from her former fiancé for a period of four years prior to this incident.  (Doc. 46 at 4.)

Privacy rights are generally recognized by federal courts.  *Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir. 1992); *DeMasi v. Weiss*, 669 F.2d 114, 119-120 (3rd Cir. 1982).  In a federal action based on diversity of citizenship, state law governs privilege claims.  Fed. R. Evid. 501; *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. at 284.  "Article I, section 1 of the California

Constitution recognizes a number of inalienable rights, including the right to privacy." *John B. v. Superior Court*, 38 Cal.4th 1177, 1198, 45 Cal.Rptr.3d 316, 137 P.3d 153 (2006). "[T]he right of privacy extends to . . . medical records [citation]." *Ibid.*; *see also Lantz v. Superior Court*, 28 Cal.App.4th 1839, 1853, 34 Cal.Rptr.2d 358 (1994) (the constitutional provision encompasses the details of a patient's medical history). "'The individual's right to privacy encompasses not only the state of his mind, but also his viscera, detailed complaints of physical ills, and their emotional overtones.' [Citations] 'The state of a person's gastro-intestinal tract is as much entitled to privacy from unauthorized public or bureaucratic snooping as is that person's bank account, the contents of his library or his membership in the NAACP.'" *Lantz v. Superior Court*, 28 Cal.App.4th at 1853.

> [A] litigant may invoke the constitutional right to privacy as justification for refusing to answer questions that unreasonably intrude on that right. [¶] The right to privacy, however, is not absolute. In appropriate circumstances, this right must be balanced against other important interests. On occasion [a party's] privacy interests may have to give way to [the] opponent's right to a fair trial. Thus courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery.

*John B. v. Superior Court*, 38 Cal.4th at 1198-1199, internal quotations & citations omitted. "[W]hen the constitutional right of privacy is involved, the party seeking discovery of private matter must do more than satisfy" the relevance standard. *Lantz v. Superior Court*, 28 Cal.App.4th at 1853. The burden is on the party seeking discovery of constitutionally protected information to establish direct relevance. *Davis v. Superior Court*, 7 Cal.App.4th 1008, 1017, 9 Cal.Rptr.2d 331 (1992). Even where a party can show a compelling state interest in discovery, "[p]recision of [compelled disclosure] is required so that the right of privacy is not curtailed except to the extent necessitated by the legitimate governmental objective." *John B. v. Superior Court*, 38 Cal.4th at 1199-1200, internal quotation marks omitted. The California Supreme Court described this as a "heightened standard" requiring a close fit between the requested discovery and the allegations in the complaint. *Id*. at 1200.

6

When the constitutional right of privacy is involved, "the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." *Lantz v. Superior Court*, 28 Cal.App.4th at 1853-1854.

Plainly, there is a compelling need for Defendant to explore the extent of any emotional distress claimed by Plaintiff and purportedly caused by a brief workplace incident versus that suffered over a four-year period during a romantic relationship between Plaintiff and her former fiancé wherein Plaintiff testified to daily abuse and harassment. This matter is unlike the situation presented in *Davis v. Superior Court*, 7 Cal.App.4th 1008, where the court found the plaintiff's "garden-variety" personal injury claim seeking damages for pain and suffering associated with injuries sustained in an automobile accident did not automatically entitle the defendant to discovery of psychotherapeutic records. *Id*. at 1011, 1015, 1017. In *Davis v. Superior Court*, the plaintiff made no claim for emotional distress damages and limited her claim for pain and suffering to that associated with bodily injuries sustained in the accident. *Id*. at 1015.

Here, Rangel alleges she suffered physical and non-physical injuries, including severe emotional distress, humiliation, embarrassment and mental anguish and the physical manifestations thereof. At her deposition, Plaintiff admitted her former fiancé, from 2004 going forward, harassed, stalked, threatened and verbally abused her on a daily basis, until December 2008 when Plaintiff threatened to advise his superiors of his conduct, thereby jeopardizing his job as a law enforcement officer. She claimed he would call her two to three times a day in order to harass and verbally abuse her. (Doc. 46-1.) Plaintiff expressly testified that she sought treatment from Ms. Rolland for depression directly as a result of the incident that is the subject of this action. (Doc. 46-1 at 28-29.) She also sees Dr. Holvik for depression as a result of the same incident. (Doc. 46-1 at 29.)

7

Plaintiff's right to privacy must give way to Defendant Martinez's right to a fair trial. *John B. v. Superior Court*, 38 Cal.4th at 1198-1199. The material Defendant seeks by way of these subpoenas appears directly relevant here. *Davis v. Superior Court*, 7 Cal.App.4th at 1017. Neither does this Court find the requests to be overly broad.

In light of Plaintiff's deposition testimony, Defendant Martinez has established a compelling need for the discovery, and has shown a "close fit" between the requested discovery and the allegations in the complaint where he seeks to defend himself against harassment allegations by Plaintiff that allegedly arose from a single and very brief incident in August 2008 during a portion of the very period of time during which Plaintiff testified she was enduring daily harassment and abuse from a former fiancé. *John B. v. Superior Court*, 38 Cal.4th at 1199-1200.

In sum, after balancing the rights of the parties, as well as considering the broad nature of discovery, the Court finds that Defendants should have access to the requested information. Additional privacy concerns can be addressed with a protective order and an order that any documents submitted to the Court shall be filed under seal. Ultimate admissibility of the information will be reserved for the trial judge at the time of trial. Thus, Plaintiff's motions to quash subpoenas directed at Drs. Nava and Holvik, as well as to therapist Rolland, are DENIED.

### ***Records of Sedgwick Claims Management Services, Inc.***

Defendant Martinez seeks records from Sedgwick Claims Management Services, Inc. Specifically, Defendant sought the following records:

> Any and all documents related, in any way, to **Deanna Rangel**, including but not limited to any and all documents which relate, refer and/or pertain to Ms. Rangel's industrial injury (Insurance Policy Number WLRC44180625) which allegedly occurred on August 8, 2008, or any other claimed injury. This request would include any and all claims documents, correspondence, email, memoranda, exhibits, notes, reports, notices, responses, notifications, or any other documents pertaining to **Deanna Rangel**.

(Doc. 34 at 13, emphasis in original.) Plaintiff did not present a specific or separate argument that production of these records would violate her privacy, rather, it appears Plaintiff is arguing that the request is overly broad. (Doc. 33 at 3-7.)

8

Defendant seeks production of these documents as Plaintiff acknowledged during her deposition that she filed a workers' compensation claim regarding the incident in August 2008, which is the subject of this litigation. (Doc. 46-1 at 28, 40.)  Additionally, Plaintiff testified at her deposition that it was her understanding that her doctors have prohibited her return to work since August of 2008 due to both chronic or extreme back pain and as a result of the incident between she and Defendant Martinez. (Doc. 46-1 at 25-26.)

As Defendant correctly contends, this information is relevant to both Plaintiff's claim of emotional distress and to her claim of wage loss. Additionally, the material could be relevant to Defendant's defense of the action. Fed. R. Civ. Proc. 26(b). This Court finds the request is not overly broad. In sum, it is plainly relevant and therefore discoverable. Fed. R. Civ. Proc. 26(b).

***Attorney's Fees***

Plaintiff sought an award of attorney's fees pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure relative to her preparation of the motions to quash. However, for the reasons stated above, this Court will make no such award of attorney's fees. Neither is the Court inclined to award fees to Defendant Martinez as a result of this discovery dispute.

**CONCLUSION AND ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motions to quash subpoenas directed to Adolph Nava, M.D., William Holvik, M.D., Connie Rolland, LMFT, and Sedgwick Claims Management Services, Inc., ARE DENIED;
2. Any records relative to the subpoenas shall be produced no later than five days from the date of this Order; and

//
//
//
//

3. The parties are directed to meet and confer and submit a suitable stipulated protective order to protect the relevant privacy interests to the Court within five days of this Order. The protective order shall include language that any documents or information submitted to the Court shall be submitted under seal pursuant to Local Rules 140 and 141 in order to preserve its confidentiality.

IT IS SO ORDERED.

Dated:     **December 30, 2010**                    **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE