IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA RANGEL,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE WEST, a California corporation, JOSE MARTINEZ, an individual, and TRACY J. FISHER, an individual,<br><br>    Defendants. | 1: 09 - CV - 1467 AWI GSA<br><br>ORDER VACATING PRETRIAL CONFERENCE AND TRIAL DATE<br><br>ORDER REQUIRING THE PARTIES TO BRIEF ADDITIONAL ISSUES |

    Currently, a pretrial conference is set in this action for May 19, 2011. The jury trial is set for July 19, 2011. Pending before the court are Defendants' motions for summary judgment. In light of the pending motions, the current pretrial conference date and jury trial date must be vacated.

    After considerable review of parties' briefs concerning Defendants' motions for summary judgment, the court finds that additional briefing, particularly briefing containing citation to legal authority, is necessary. Defendants proposed undisputed facts cite to primarily Plaintiff Rangel's deposition testimony. A review of the deposition reveals that the cited testimony does include the proposed fact as submitted by Defendants. In the opposition brief, Plaintiff Rangel's responses to the undisputed facts also cite to Plaintiff Rangel's deposition testimony. Many of these responses seek to add additional incidents of alleged harassment. A review of Plaintiff

Rangel's deposition reveals that these additional facts are also contained in the cited testimony.

The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting prior deposition testimony. <u>Van Asdale v. International Game Technology</u>, 577 F.3d 989, 998 (9th Cir. 2009); <u>Kennedy v. Allied Mut. Ins. Co.</u>, 952 F.2d 262, 266 (9th Cir. 1991); <u>Foster v. Arcata Associates</u>, 772 F.2d 1453, 1462 (9th Cir. 1985).  However, Plaintiff is not disputing her prior deposition testimony in a newly created affidavit.   Rather, Plaintiff is disputing her prior deposition by giving different answers to similar questions during the same deposition.   Thus, the parties are directed to brief the ramifications of a party who testifies as to one set of facts and then testifies to a set of facts that conflict with the first set of facts.

From Defendants' reply briefs, it is clear that Defendants had believed the basis of this action was only one incident on August 10, 2008.   Given the complaint, Plaintiff's statement of facts contained in the scheduling order, and Plaintiffs responses to interrogatories, Defendants' position is not without merit.   The parties are directed to brief whether it is appropriate for a Plaintiff to rely on other incidents in an opposition brief when Plaintiff previously had appeared to confine this action to one incident on August 10, 2008.

Accordingly, the court ORDERS that:

1. The pretrial conference date in this action is VACATED;
2. The trial date in this action is VACATED;
3. The parties are directed to brief the following issues:
    a. The evidentiary ramifications of a party who testifies as to one set of facts at one place in her deposition and then testifies to a conflicting set of facts when asked the same or similar questions;
    b. Whether Plaintiff Rangel can rely on other incidents of alleged harassment when Plaintiff previously appeared to confine this action to the August 10, 2008 incident;

*The parties are reminded that the procedural aspects of this action are controlled by federal law;*

4. Plaintiff SHALL file a brief addressing these issues by May 31, 2011; and

5. Defendants SHALL file a responsive brief addressing these issues by June 13, 2011.

IT IS SO ORDERED.

Dated:     May 18, 2011

CHIEF UNITED STATES DISTRICT JUDGE