IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANNA RANGEL,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN MEDICAL RESPONSE WEST, JOSE MARTINEZ, and TRACY J. FISHER<br><br>        Defendants.<br>_____/ | 1:09-cv-01467-AWI-BAM<br><br>**ORDER REQUIRING THE PARTIES TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED** |

**I. BACKGROUND**

The Court refers the parties to previous orders for a complete chronology of the proceedings.

On March 7, 2014, this Court issued an order vacating the May 6, 2014 trial date previously scheduled in this case due to a calendar conflict resulting from this case being scheduled for trial at the same time as a criminal case and other civil cases. This Court informed the parties of the enormous caseload that the Fresno Division of the Eastern District of California possesses. The Court then provided the standard consent form -- permitting the parties to either consent or decline to consent to the jurisdiction of a United States Magistrate Judge -- and ordered the parties to notify the Court within ten (10) days of their decision by filling the enclosed forms and returning them to the Court. The parties failed to do so by March 17, 2014.

1

On March 21, 2014, the Court informally contacted Plaintiff's counsel in an effort to ensure compliance with the Court's March 7, 2014 order. Plaintiff's counsel indicated that he would file the requisite form to indicate his intention not to consent to the jurisdiction of a United States Magistrate Judge. As of this date no response has be received from either party.

## II. DISCUSSION

The parties have failed to comply with this Court's order dated March 7, 2013.

Federal Rule of Civil Procedure 41(b), in relevant part, provides, "If a plaintiff fails to … comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b).  Although the language of the Rule indicates that Rule 41(b) is applicable upon motion by the defendant, "courts may dismiss under Rule 41(b) *sua sponte*, at least in some circumstances." Hells Canyon Preservation Council v. United States Forest Service, 403 F.3d 683, 689 (9th Cir. 2005) (citing Olsen v. Maples, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Local Rule 110, corresponding with Fed.R.Civ.P. 11, provides that "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." "District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case.'" Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action with prejudice based on a party's failure to obey a court order.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with Local Rule); Ferdik, 963 F.2d at 1260-61 (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with Local Rules). In determining whether to dismiss an action for failure to obey a court order the court must consider several factors, including: (1) the

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Bautista, 216 F.3d at 841; In re Eisen, 31 F.3d at 1451; Ferdik, 963 F.2d at 1260-61; Henderson, 779 F.2d at 1424; Thompson, 782 F.2d at 831.

In the case at hand, the public's interest is in resolving this litigation. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Similarly, the Court's has an interest in managing its docket, given that the Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry some of the heaviest caseloads in the nation. Because the parties have failed to comply with the Court's order, the Court's interest in managing its docket weighs in favor of sanctions. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).

A warning by a district court satisfies the requirement that the Court consider less drastic measures. Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d 1421, 1424 (9th Cir. 1986). The Court has not yet warned the parties of the consequences of their failure to comply with its orders. This Court now warns the parties that continued failure to comply with its orders will result in monetary sanctions or dismissal.

///

### III. ORDER

Accordingly, the parties are hereby ORDERED to SHOW CAUSE in writing by April 2, 2014 by 10:00 a.m., why this Court should not impose sanctions due to the parties' failure to comply with this Court's order dated March 7, 2014.

In any event, the parties are ORDERED to notify the Court of their decision as to whether they will consent to the jurisdiction of a United States Magistrate Judge by filling and submitting the consent form by April 2, 2014.

IT IS SO ORDERED.

Dated:   March 26, 2014                                   _____
                                                                        SENIOR  DISTRICT  JUDGE

4